JUDGE DUVALL
delivered the opinion of the codkt:
The appellant brought this suit in the police court of Frankfort, in August, 1857, against the appellee, on a note executed by the latter for $46, due 2d September, 1839. From a judgment rendered by that court against Blanton, he appealed to the circuit court. Upon the trial of the appeal, the circuit court was of opinion that the police court of Frankfort had no jurisdiction of the action, and it was, therefore, dismissed.
The propriety of that ruling is the only question presented by this appeal.
The jurisdiction of the police court of Frankfort is defined and conferred by two acts of the legislature. The first, entitled “ An act to reduce into one the several acts in relation to the town of Frankfort, and for other purposes,” approved February 16, 1839, the 21st section, of which provides that “ the police judge of the town of Frankfort shall have jurisdiction, within the limits of said town, of all misdemeanors, and of all causes civil, criminal, or penal, in which justices of the peace have jurisdiction;” and, by the first section of an act upon the same subject, approved February 7, 1844, it is provided, “that the police judge of Frankfort shall'have the same jurisdiction, power, and authority in civil cases, that any justice of the peace for Franklin county has.”
It is not denied that justices of the peace had, at the time these two acts took effect, jurisdiction of all demands arising upon contract not exceeding fifty dollars, exclusive of interest and costs. The same jurisdiction was, of course, conferred upon the police judge of Frankfort; and, unless modified by some subsequent legislation, might properly have been exercised at the date of the institution of this suit, the debt being less than fifty dollars, and therefore clearly within the jurisdiction.
The inquiry, then, is, have these acts been repealed, or has their operation been limited or modified, either by the Revised Statutes, or by the Civil Code ?
*47 They are certainly not affected by the repealing section of the act adopting the Revised Statutes, (p. 127;) because, being statutes of mere local relation to a police court in a town, they are expressly excepted out of the operation of that section.
But it is contended that, by a proper construction of those provisions of the Revised Statutes, and of the Civil Code, which relate to the subject, the jurisdiction of justices is so limited as not to embrace cases where the matter in controversy, or, in other words, the debt, with the interest which may have accrued at the time the suit is instituted, exceeds fifty dollars.
We will not stop to determine whether the construction contended for is admissible or not. It has nothing to do with the question before us.
The grant of jurisdiction t© the police judge of Frankfort, contained in the two acts referred to, is as fixed and certain as if it had been defined, in terms, in the body of the acts themselves. The reference to the jurisdiction of justices of the peace was intended for nothing more than a convenient mode of defining the jurisdiction to be conferred on the police judge. A similar reference to existing acts is frequently adopted by the legislature, especially in the enactment of charters of railroad and turnpike companies, of towns and cities, and of other corporations, as a mere matter of convenience and economy. But it has never been supposed that such reference would have the effect contended for here, or that the repeal of an act so referred to, would operate as a repeal of the act in which the reference is made.
Suppose the legislature had, by an act of the last session, repealed all laws conferring upon justices of the peace jurisdiction in civil cases, would it be contended that the effect would have been to divest the police judge of Frankfort of all similar jurisdiction ?
The point is too clear to require further illustration. No impairment or modification of the jurisdiction of justices of the peace, which might result from any construction of subsequent statutes, can be regarded as affecting the jurisdiction acquired by the police judge of Frankfort, under the acts of 1839 and 1844, supra. The debt in contest was unquestionably *48 within that jurisdiction, and the action should not, therefore, have been dismissed for want of jurisdiction.
Section 767 of the Code was not intended to fix or regulate the jurisdiction of the courts to which it refers, but simply provides that the courts theretofore, or thereafter to be created, shall be considered circuit or justices’ courts, (as the case maybe,) “in the meaning of this Code.” The obvious construction and meaning of the section is, that any court which may be hereafter created by the legislature, having a similar jurisdiction, in whole or in part, with justices’ courts, shall be considered a justice’s court, so far as the mode of proceeding therein is concerned; but certainly not as to its jurisdiction, for that may be defined by the act creating it; and, provided the jurisdiction so defined be similar, in whole or in part, with that of justices’ courts, the section would be construed to apply, and the mode of proceeding in the newly created court would be regulated by the Code. The same remarks are applicable to courts which had been created before the adoption of the Code. In either case, the mode of proceeding, and not the jurisdiction, is the subject of the section referred to.
There is nothing in the objection taken to the jurisdiction of this court. The act of February, 1858, (Session Acts 1857-8,^9. 35,) took effect the 10th April, 1858, and this appeal was taken the 5th of May. The case of the Commonwealth vs. Blakemore, &c., decided at the present term, was determined upon grounds that have no application to this case.
Wherefore the judgment is reversed, and the cause remanded for further proceedings, in conformity with this opinion.